UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


|  |  |  |
|---|---|---|
| ANTHONY CORSO, | ) | JUDGE JAMES S. GWIN |
|  | ) |  |
|  | ) | CASE NO.  4:08CV1042 |
| Petitioner, | ) |  |
|  | ) |  |
| -vs- | ) | <u>MEMORANDUM OF OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| J. T. SHARTLE, <u>et</u> <u>al.</u>, | ) |  |
|  | ) |  |
|  | ) |  |
| Respondents. | ) |  |


On April 23, 2008, <u>pro</u> <u>se</u> petitioner Anthony Corso, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He brings this action against F.C.I. Elkton Warden J.T. Shartle and the Bureau of Prisons (BOP).  Claiming he is entitled to 16 months credit, Mr. Corso seeks an order modifying his federal sentence to account for this period of time which he claims he has already served.

*Background*

On September 12, 1993, Mr. Corso was involved in the robbery of an HMV Records store in Harvard Square. He was indicted in the Commonwealth of Massachusetts and charged with masked armed robbery, stealing by confining, use of a firearm while committing a felony, possession of a firearm, possession of Class E contraband substance, and possession of a hypodermic syringe. Petitioner pleaded guilty to masked arm robbery and use of a firearm while committing a felony. The court sentenced Mr. Corso to 5-7 years in prison. Petitioner was released on February 10, 1995 after serving 16 months for the offense, with the balance of his sentence suspended.

A federal grand jury in the United States District Court for the District of Massachusetts returned an indictment against Mr. Corso on May 11, 1995.  The indictment charged him with racketeering conspiracy (Count 1), racketeering (Count 2), interstate transportation of stolen property (Count 3), conspiracy (Count 4), perjury (Count 6), being a felon in possession of a firearm (Count 7) and carrying a firearm in relation to a crime of violence (Count 8). Petitioner entered a guilty plea on July 25, 1995 to counts one through four and counts six through eight of the indictment. He was sentenced on December 7, 1995 by Judge Nathaniel Gorton.  Mr. Corso claims that during sentencing his attorney failed to advise Judge Gorton that he had already served a 16 month sentence in the Commonwealth of Massachusetts for counts seven and eight. As a result, petitioner was sentenced concurrently to 151 months in prison on counts one and two, 120 months on counts three and seven, 60 months on counts four and six, followed by a consecutive sentence of 60 months for count eight.

Once Mr. Corso's sentence computation data was released, he noticed that the BOP did not include a 16 month credit for "time he served in the Commonwealth of Massachusetts state

2

prison for crimes that where [sic] fully taken into account when determining his current federal sentence." (Pet.at ¶ 14.)  This prompted him to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 in the District Court of Massachusetts on April 3, 1997.  Corso v. United States, No. C.A. 97-11075-NMG. He argued that his guilty plea was obtained unlawfully. Seven months later, the court denied the motion. A motion for reconsideration, based on newly discovered evidence, was filed by petitioner three years later on October 5, 2000. Because the first motion was denied on the merits, the court construed Mr. Corso's October 5 pleading as a second or successive petition over which it lacked jurisdiction. Accordingly, the motion was transferred to the First Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 to seek permission to file a successive petition.

Almost four years after filing his motion for reconsideration, Mr. Corso's attorney, Neil Colleran, contacted the BOP Regional Counsel's Office in a letter dated March 9, 2004.  The letter was forwarded to Regional Inmate Systems Administrator Fernando Messer, who responded directly to Mr. Colleran in a letter dated April 7, 2004.  Mr. Messer advised Mr. Colleran that at the time the District Court of Massachusetts imposed its December 7, 1995 sentence, petitioner was still serving an 18 month sentence for civil contempt. The sentence for the civil contempt charge was imposed on September 18, 1995 and expired on January 4, 1996.  Mr. Messer explained that the district court applied 128 days jail credit to Mr. Corso's 151 month prison term.  The time period for which Mr. Corso was seeking credit had, therefore, "either [been] credited towards Mr. Corso's 151 months sentence, or credited on the 18 months Civil Contempt term." (Letter of 4/7/04 from Messer to Colleran.)

On July 12, 2007, Mr. Corso filed a petition for writ of habeas corpus in the District

Court of Massachusetts pursuant to 28 U.S.C. § 2241 and 18 U.S.C. § 3582. He argued he was entitled to 16 months credit on his federal sentence because he had already served this time in the Commonwealth of Massachusetts for what he believed was the same offense.  Petitioner claimed that 'but for' his attorney's "oversight" at the time of sentencing, he would have been entitled to the benefit of a downward departure under United State Sentencing Guideline § 5G1.3, comment (n.7).

The court determined that Mr. Corso's petition was "in legal effect" a second or successive §2255 motion for which he would need to seek leave to file from the court of appeals. Absent that permission, the district court advised that it lacked jurisdiction to review petitioner's pleading as a § 2255.  Further, to the extent petitioner was attempting to utilize the safety valve provision under § 2255, wherein he must argue that his remedy under § 2255 is "inadequate or ineffective," he also failed to come within the district court's reach.   The court noted that he did not illustrate that his remedy under § 2255 was either inadequate or ineffective to test the legality of his detention.[1] Finally, the court determined that 18 U.S.C. § 3582 did not provide a basis upon which a district court could modify a prisoner's sentence.  To the extent Mr. Corso sought and was granted leave to file a second or successive motion to vacate his sentence, the district court dismissed his petition without prejudice.

In his present petition before this court, Mr. Corso argues  he is entitled to 16 months credit on his federal sentence for time he served in the Commonwealth of Massachusetts. In the alternative, petitioner seeks a hearing to determine whether there is any credit to which he is entitled.

---

[1]The district court also explained that if Mr. Corso's petition sought to address the manner in which the BOP was executing his sentence, it lacked personal jurisdiction over his custodian. The District Court of Massachusetts noted it was not the proper court within which to challenge the execution of petitioner's sentence under § 2241 because he was incarcerated in western Pennsylvania at the time.

*28 U.S.C. § 2241*

Prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, petitioner is in the custody of Warden J. T. Shartle at F.C.I. Elkton and seeks 16 months credit to his federal sentence.  Thus he has properly asserted his claims under § 2241.

Before filing a § 2241 petition for habeas corpus relief, a federal prisoner must first exhaust his available remedies. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (per curiam). Here, there is some suggestion Mr. Corso's attorney did raise this issue with the BOP. While Mr. Corso does not provide this court with a copy of his attorney's request to the BOP, if the request was for the same 16 months period for which he is now seeking credit from this court, he is not entitled to relief.  As Mr. Messer explained in his letter to petitioner's counsel, the BOP already stated that Mr. Corso's sentence has been fully credited for jail time.

If, however, Mr. Corso has not sought 16 months jail credit from the BOP pursuant to 18 U.S.C. §3585, federal regulations  afford prisoners administrative review of the computation of their credits, see 28 C.F.R. §§ 542.10-542.16; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 336 1544, 1546  (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988).  The court notes, however, that if the 16 months for which he seeks credit has already been applied to another sentence, Mr. Corso is not entitled to

5

credit for that same period of time against his federal sentence. <u>See</u> 18 U.S.C. §3585.[2]

Based on the foregoing, the petition is dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: July 28, 2008                          <u>*s/    James S. Gwin*                     </u>
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[2]18 U.S.C. § 3585(b) provides:

   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
   (1) as a result of the offense for which the sentence was imposed; or
   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

(emphasis added).